### DAVID MARSTON, plaintiff in error *v.* JOHN R. WILCOX, defendant in error.

*Error to Hancock.*

Courts of Probate have power to revoke letters of administration obtained through fraud.

The right to enquire whether a fraud has been practised, is a necessary incident to the power given by statute "to hear and determine the right of administration."

ON the 7th day of June, 1831, the Judge of Probate of Hancock county, granted letters of administration to John R. Wilcox, upon the estate of Morrill Marston, deceased, he claiming to be a creditor of said estate.

Subsequently, and after the expiration of six months from the decease of the intestate, David Marston, a brother of the deceased, applied to the Judge of Probate of Hancock county, to revoke the letters granted to Wilcox, upon the ground that Marston was no creditor of the deceased, and that the letters were obtained by

(1) Fish *v.* Hutchinson, 2 Wilson, 94.

his fraudulently representing himself to be such. The Court of Probate revoked the letters, and appointed David Marston administrator of the estate, as next of kin.

Wilcox appealed to the Circuit Court, and at the October term, 1832, the Circuit Court, the Hon. Richard M. Young presiding, reversed the decision of the Judge of Probate, upon the following grounds, as the bill of exceptions shows:

" That inasmuch as the Court of Probate was a court of special limited jurisdiction, created by our statute only, it cannot have or exercise any other or greater power and discretion than is particularly specified and permitted by the acts of our General Assembly, from which it derives its existence; and that, consequently, the Judge of Probate cannot revoke the letters of administration, except for some of the causes enumerated in the statute; and that in the present case, the only remedy which remained to the said David Marston, who claims to be the next of kin of the deceased, after letters of administration were granted to the said Wilcox, was by taking an appeal from the original order of the Court of Probate, appointing the said Wilcox administrator as aforesaid, within ninety days after the same was made; and that he cannot now, by an original application in this way, cause the said letters to be revoked, notwithstanding the said Wilcox may in fact have obtained his letters of administration by fraud, and although he may not have been a creditor of the estate of the deceased, as was at that time supposed."

A. WILLIAMS, for the plaintiff in error.

PUGH and WHITNEY, for the defendant in error.

LOCKWOOD, Justice, delivered the opinion of the Court:

The only question presented in this case for consideration, is, whether a Judge of Probate, after he has granted letters of administration, can revoke them upon the ground that they were obtained by fraud. The "*Act relative to Wills and Testaments, Executors and Administrators, and the Settlement of Estates*," passed January 23d, 1829, is very broad in giving jurisdiction to Courts of Probate. By the 15th section of that act, Courts of Probate " shall hear and determine the right of administration of estates of persons dying intestate; and to do all other things touching the granting of letters testamentary, and of administration, and the settlement of estates according to right and justice, in such manner as may be prescribed by law."(1)

On an application in this case, the Court of Probate decided that Wilcox, the administrator, had obtained the letters of administration by fraudulently representing that he was a creditor of the intestate, when in truth he was not—and proceeded to revoke

(1) R. L. 616; Gale's Stat. 690.

F

Marston *v.* Wilcox.

the letters. Upon appeal to the Circuit Court, that Court decided that the Court of Probate was a court of special limited jurisdiction created by statute; and that it could not have or exercise any other or greater power and discretion than is particularly specified and permitted by the acts of the General Assembly, from which it derives its existence; and upon that ground, reversed the decision of the Court of Probate, without investigating the facts of the case.

The position of the Circuit Court is undoubtedly correct, that Courts of Probate are created by statute, and to the statute we must look to ascertain the extent of their jurisdiction. But has not the Circuit Court put too limited a construction upon the extent of the jurisdiction conferred on Courts of Probate? When the legislature vested in Courts of Probate the power to "hear and determine the right of administration," it necessarily conferred all those incidents which are necessary to arrive at a correct determination. The granting of administration is necessarily an *ex parte* proceeding, and consequently the Court of Probate is liable to be imposed on by applicants for administration. If, then, letters be obtained by a fraudulent representation, is it not a necessary incident to the right "to hear and determine," that the Court should have power to enquire whether any such fraud has been practised? We think the right to enquire whether a fraud has been practised, is a necessary incident to the jurisdiction conferred by the statute. In England, the courts which have authority to grant letters of administration, are courts of inferior and limited jurisdiction; yet it has there been frequently decided, that, "If administration be granted to a wrong party, in such case, the Ordinary may repeal it, and grant it to another, for he has not executed his authority; and it is a power incident to every court to rectify its errors."(1) It also appears by a note in Toller, that in Pennsylvania, "The Register's Court has a right to revoke letters of administration where they have issued improperly, and direct new letters to issue to the proper person.(2) From these authorities, and from the reason of the case, we are of opinion that the Circuit Court erred in reversing the decision of the Court of Probate, upon the ground assumed by the Circuit Court, and consequently the judgment of the Circuit Court must be reversed with costs, and the cause remanded for further proceedings.

*Judgment reversed.*

*Note.*—Since the decision of this case, an act has been passed, giving to the Courts of Probate power to revoke letters of administration in all cases where the same have been granted "upon any false pretence whatever." R. L. 657; Gale's Stat. 721—2.

(1) Toller's Executors, 123, and authorities there cited.
(2) 4 Serg. and Rawle, 201.